**No. 53722.**—J. B. De Macedo & Co. et al. v. United States, protests 144731–K, etc. (New York).

Opinion by JOHNSON, J. At the trial it was stipulated that the issues and facts herein are similar in all material respects to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351) and that the quantities reported by the inspector as manifested, not found, were not in fact received by the importers. In accordance with stipulation and following the decision cited it was held that the merchandise, insofar as it involves the quantities reported by the inspector as manifested, not found, is subject to an allowance in duties. The protests were sustained to this extent.

**No. 53723.**—Frank P. Dow Co., Inc. v. United States, protest 136940–K (San Francisco).

Opinion by JOHNSON, J. At the trial it was stipulated that the merchandise consists of pimientos, packed in brine, similar in all material respects to those involved in *Von Bremen, Asche, De Bruyn, Inc.* v. *United States* (64 Treas. Dec. 269, T. D. 46643) and that the net drained weight of the pimientos herein is 38.22 pounds per case. In accordance with stipulation and following the decision cited, it was held that the merchandise is properly dutiable upon the basis of the net drained weight of 38.22 pounds per case at 6 cents per pound under paragraph 775, as claimed.

**No. 53724.**—Federal Seaboard Terra Cotta Corporation v. United States, protest 145571–K (New York).

Opinion by JOHNSON, J. It appeared that the importer was unable to comply with the regulations by filing a certificate on customs Form 4467 of outward shipment of the films in question. When the protest was called for trial there was no appearance on behalf of the plaintiff. In view of the mandatory requirements of the statute attending the importation of American goods without the payment of duty, judgment was rendered in favor of the defendant.

**No. 53725.**—Berolio Import Co., Inc. v. United States, protests 145574–K and 145575–K (New York).

Opinion by JOHNSON, J. From an examination of the papers, the court was unable to find any evidence sufficient to overcome the action of the collector, which was presumptively correct. The protests were therefore overruled.